124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald G. SCHERRER; Ruth E. Scherrer, Plaintiffs-Appellants,
v.
SALT RIVER PROJECT, EMPLOYEES' RECREATIONAL ASSOCIATION,
INC. a/k/a Pera Club; Kemp Ellis, General
Manager; Milton F. Rouss, Jr.; Bob
Anderson; LaVerne Kempinen,
Defendants-Appellees.
 No. 96-16500.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Arizona Roger G. Strand, District Judge, Presiding
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald and Ruth Scherrer appeal pro se the district court's dismissal for lack of subject matter jurisdiction of their action against Salt River Project Employees' Recreational Association, Inc. and its officers and employees alleging defendants breached a contract for accounting services by providing financial information to the Internal Revenue Service. For the reasons stated in the district court's order of dismissal, we affirm.[1] In addition, the Scherrers's contention that the district court judge was biased is unavailing. See Liteky v. United States, 510 U.S. 540, 555 (1994).
 
 
 3
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Scherrers also challenge the district court's award of attorneys' fees to defendants. The Scherrers failed, however, to file a notice of appeal from the order awarding the fees, and therefore, we lack jurisdiction to consider the issue. Furthermore, appellees' request for attorneys' fees on appeal is not properly raised in this appeal. See Fed. R.App. P. 38